FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01072-BNB

JUL 1 6 2007

ALEX F. RODRIGUEZ, # 132121,

GREGORY C. LANGHAM
CLERK

Plaintiff,

v.

DENVER SHERIFS [sic] DEPARTMENT,
SGT. MURPHY,
DEPUTY SHERIF [sic] SCHAEFFER,
DEPUTY SHERIF [sic] STAUCH,
DENVER COUNTY JAIL MEDICAL DEPARTMENT,
DR. CRUM AND COMPLETE MEDICAL STAFF,
NURSE JACK,
MAYOR HICKENLOOPER, Denver City and County,
CHIEF LOVINGER, Denver Sherifs [sic] Dept., and
CAPTAIN BLAIR,

Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE
AN AMENDED COMPLAINT

---

Plaintiff, Alex F. Rodriguez, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr. Rodriguez initiated this action by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, and the Americans with Disabilities Act (ADA) alleging that his rights under the United States Constitution have been violated.

The Court must construe the Complaint liberally because Mr. Rodriguez is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se*

litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Rodriguez will be ordered to file an Amended Complaint.

The Court has reviewed the Complaint and finds that it is deficient. Defendant Denver Sheriff's Department is not a separate entity from Denver County and, thus, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). The claims asserted against Defendant Denver Sheriff's Department must be considered as asserted against Denver County.

Nonetheless, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Rodriguez cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Plaintiff also must name specific Defendants in the caption who are responsible for the alleged constitutional deprivations and demonstrate how each named Defendant personally participated in the asserted claims. Defendants Denver County Jail Medical Department and Complete Medical Staff are not persons for the purpose of a § 1983 action. Plaintiff, therefore, must name as parties to the action each of the members of the Medical Department and Medical Staff who are responsible for his constitutional

litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Rodriguez will be ordered to file an Amended Complaint.

The Court has reviewed the Complaint and finds that it is deficient. Defendant Denver Sheriff's Department is not a separate entity from Denver County and, thus, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). The claims asserted against Defendant Denver Sheriff's Department must be considered as asserted against Denver County.

Nonetheless, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Rodriguez cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Plaintiff also must name specific Defendants in the caption who are responsible for the alleged constitutional deprivations and demonstrate how each named Defendant personally participated in the asserted claims. Defendants Denver County Jail Medical Department and Complete Medical Staff are not persons for the purpose of a § 1983 action. Plaintiff, therefore, must name as parties to the action each of the members of the Medical Department and Medical Staff who are responsible for his constitutional

deprivations and demonstrate how each of them personally participated in the asserted violations of his rights. See *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, a plaintiff must show that each defendant caused the deprivation of a federal right. See *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. See *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Also, Plaintiff should note that he may use fictitious names, such as "Jane or John Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Plaintiff uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

With respect to Defendants Mayor Hickenlooper and Chief Lovinger, a defendant may not be held liable merely because of his or her supervisory position. See *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Accordingly, it is

ORDERED that Mr. Rodriguez shall file **within thirty days from the date of this Order** an Amended Complaint that is in keeping with the instant Order. It is

FURTHER ORDERED that the Amended Complaint shall be titled, "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Rodriguez, together with a copy of this Order, two copies of the Prisoner Complaint form. It is

FURTHER ORDERED that Mr. Rodriguez submit sufficient copies of the Amended Complaint to serve each named Defendant. It is

FURTHER ORDERED that if **within thirty days from the date of this Order** Mr. Rodriguez fails to file an Amended Complaint that complies, to the Court's satisfaction, with this Order the action will be dismissed without further notice.

DATED July 16, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01072-BNB

Alex F. Rodriguez
Prisoner No. 132121
Arkansas Valley Corr. Facility
PO Box 1000 - Unit 5-B
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on ___7-16-07___

GREGORY C. LANGHAM, CLERK

By: _____
             Deputy Clerk