IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-01072-ZLW-BNB

ALEX F. RODRIGUEZ,

Plaintiff,

v.

DENVER SHERIFF SCHAEFFER,
DENVER SHERIFF STRAUCH,
DENVER SHERIFF SGT. MURPHY,
DENVER SHERIFF SGT. J. GARCIA, and
DENVER COUNTY JAIL, NURSE JACK/JOHN DOE,

Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me pursuant to my Order to Show Cause dated August 27, 2007 [Doc. #16]. On August 13, 2007, the Clerk of the Court sent the plaintiff a letter advising him that his case had been assigned to Judge Zita L. Weinshienk [Doc. #11]. On August 15, 2007, Judge Weinshienk issued an order granting service by the United States Marshal [Doc. #12]. Both the letter and the Order were mailed to the plaintiff at his address of record at the Arkansas Valley Correctional Facility. The envelopes addressed to Mr. Rodriguez have been returned to the Court as undeliverable because Mr. Rodriguez is no longer at the Arkansas Valley Correctional Facility [Docs. #17 and #18].

On August 27, 2007, I ordered Mr. Rodriguez to show cause why this case should not be dismissed for failure to keep the Court informed of his current address in violation of D.C.COLO.LCivR 10.1M, and for failure to prosecute. Fed.R.Civ.P. 41(b); D.C.COLO.LCivR

41.1.  I cautioned Mr. Rodriguez that in the event no such showing was made, I would recommend that the Complaint be dismissed in its entirety for failure to prosecute.  The Order to Show Cause was mailed to Mr. Rodriguez at the Arkansas Valley Correctional Facility.  The envelope was returned as undeliverable because Mr. Rodriguez was not known at that address [Doc. #19].

Mr. Rodriguez's last filing in this case was received July 31, 2007.  The Court has not received a notice of change of address from Mr. Rodriguez as required by D.C.COLO.LCivR 10.1M, and has had no other contact with him since July 31, 2007.  Accordingly,

I respectfully RECOMMEND that the Complaint be DISMISSED without prejudice.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated September 27, 2007.

BY THE COURT:

  s/ Boyd N. Boland
United States Magistrate Judge